IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID WATTS, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:13-cv-01176 |
| OIL PATCH WATER & SEWER SERVICES, LLC, | § | |
| Defendant. | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND ITS SUPPORTING BRIEF
-and-
## CROSS MOTION FOR SUMMARY JUDGMENT

Defendant Oil Patch Water & Sewer Services, LLC ("Oil Patch") files this (1) response to Plaintiff David Watts ("Watts")'s August 8, 2013 Motion for Partial Summary Judgment (the "Motion")[1] and the arguments contained in the brief filed in support of the Motion (the "Brief")[2] and (2) Cross Motion for Summary Judgment (the "Cross Motion").

### SUMMARY OF RESPONSE

This is a case under the FLSA. The FLSA applies only to employers engaged in commerce or in the production of goods for commerce (unless the employer can claim an exemption from coverage).

Watts's entire summary judgment argument is he has never driven his company truck over interstate lines and therefore, he is not subject to the Motor Carrier Act (the "MCA")'s exemption to the Fair Labor Standards Act (the "FLSA)'s overtime requirements. However,

---

[1] Court Document Nos. 27 and 27-1.

[2] Court Document No. 23.

even if Watts has not yet made an interstate trip in his truck, he is nevertheless exempt from overtime pay under the MCA because (1) his employer is involved in interstate commerce, (2) company drivers similarly situated to Watts can and do make interstate trips and Watts could have been and may be called upon to do likewise and (3) Watts works in such a way with his truck as to be safety affecting because pumping and disposing of sewage sludge is a hazardous and federally regulated waste.

Oil Patch raises the following affirmative defense in this case:

> 47. During the course of his employment with Defendant Oil Patch & Sewer Services, LLC, Plaintiff was exempted from the overtime pay requirements and provisions of the FLSA under the Federal Motor Carrier Exemption at §204 of the Motor Carrier Act of 1935, §213(b)(1) of the FLSA and related DOL regulations. See 29 CFR § 782 et. seq.

Application of the MCA's exemption to the FLSA's overtime requirements is the issue in this cross motion proceeding.

## FACTUAL BACKGROUND BASED ON STIPULATED FACTS

The parties agree and stipulate to each of the following facts:[3]

1. Oil Patch is engaged in the business of (1) selling and delivering bottled water for showers, washing, cooking and other mobile housing needs and (2) pumping and deposing of sewage from septic tank systems provided at various customer locations involved in the oil and gas industry.

2. Oil Patch is located in Victoria, Texas and conducts business operations in Texas, Arkansas, Louisiana and Oklahoma.

3. Oil Patch is an employer under the FLSA.

4. Watts makes claims against Oil Patch under the FLSA.

5. Watts was employed by Oil Patch from October 1, 1012 through December 17, 2012 and worked out of Oil Patch's Marshall, Texas division.

---

[3] Court Document No. 18.

064103/000002
140 - 897211v1

6. Watts was a commercial truck driver for Oil Patch transporting sewage and his job duties included pumping and disposal of sewage from septic tank systems.

7. During his employment with Oil Patch, Watts drove a 2000 Freightliner and a 2005 International each with a gross weight of over 10,000 pounds while in transportation on highways.

8. Watts picked up the sewage sludge pumped from Oil patch customer drilling rig sites located in Texas cities Madisonville, Bedias, Leona and Carlos.

9. Watts delivered the sewage sludge to wastewater treatment plants at the City of Huntsville in Huntsville, Texas and at the City of Riverside in Riverside, Texas.

10. Phillips did not drive over state lines between October 1, 1012 and December 17, 2012.

11. During his employment with Oil Patch, Watts was paid a monthly salary of $3,200.00.

12. Watts's employment with Oil Patch was terminated by Oil Patch effective December 17, 2012.

## ADDITIONAL FACTS

Because Watts's job duties include pumping and disposal of sewage from septic tank systems, his duties affect the safety of operation of motor vehicles in transportation on public highways.[4] Oil Patch has a number of trucks with a gross weight of over 10,000 pounds while in transportation on public highways.[5] Moreover, the Oil Patch's drivers have been called upon to drive their assigned truck over public highways that cross state lines.[6] Oil Patch drivers have been called upon to drive their assigned truck over public highways that cross state lines. Any of the Oil Patch drivers, including Watts, were or could reasonably have been expected to make

---

[4] *See* Declaration of Eric Elzner at ¶ 13, attached as Exhibit A; *see also* note 17, *infra*.

[5] *See* Declaration of Eric Elzner at ¶ 8, attached as Exhibit A.

[6] *See* Declaration of Eric Elzner at ¶ 9, attached as Exhibit A.

3

064103/000002
140 - 897211v1

an interstate run and drive their assigned truck over public highways that cross state lines. Thus, Watts could have been called upon to drive over state lines.[7]

Oil Patch is engaged in interstate commerce through the transportation of vehicles and products because it:

- Purchases its trucks in Texas and transports the trucks to Arkansas, Louisiana and Oklahoma for use in Oil Patch's business operations; and

- Purchases water from locations in Texas and transports such water, and sewage, to Arkansas, Louisiana and Oklahoma.[8]

## APPLICABLE STATUTORY PROVISIONS AND FEDERAL REGULATIONS

The FLSA requires employers to compensate employees at an overtime rate if they work more than forty hours during a work week.[9] The FLSA provides for a number of exemptions to its statutory overtime provision.[10]

The FLSA's MCA exemption relieves employers from overtime requirements with regard to certain employees.[11, 12] The MCA exemption covers employees who:

- Drive a "commercial motor vehicle" (a "Vehicle") defined as a vehicle with a weight of at least 10,001 pounds while in transportation;[13] **and**

---

[7] *See* Declaration of Eric Elzner at ¶ 9, attached as Exhibit A.

[8] *See* Declaration of Eric Elzner at ¶ 10, attached as Exhibit A.

[9] 29 U.S.C. § 207(a)(1).

[10] *See* 29 U.S.C. § 213(b)(1)-(30).

[11] *See* United States Department of Labor November 4, 2010 Field Assistance Bulletin No. 2010-2 (Change in Application of the FLSA § 13(b)(1) "Motor Carrier Exemption") attached as Exhibit B; United States Department of Labor, Wage and Hour Division, November 2009 Fact Sheet #19 (The Motor Carrier Exemption under the Fair Labor Standards Act) attached as Exhibit C.

[12] The employer has the burden to show that an exemption applies. *Walters v. Am. Coach Lines of Miami, Inc.*, 575 F.3d 1221, 1226 (11th Cir. 2009), cert. denied, No. 09-779 (U.S. April 5, 2010)).

[13] 49 U.S.C. § 3 1132(1).

4

064103/000002
140 - 897211v1

- Drive a Vehicle in interstate commerce (across state or international lines) **or** connect with an interstate terminal (rail, air, water or land) to continue an interstate journey of goods that have not come to a final resting stop; **or**

- Not drive a Vehicle in interstate commerce if (1) the employer is otherwise involved in interstate commerce and (2)(a) the employee could, in the regular course of employment, reasonably be expected to make an interstate journey **or** (2)(b) could have worked on the Vehicle in such a way as to be safety affecting.

Watts's Motion must be denied because:

- Watts's truck weighs over 10,000 pounds while in transportation.[14]

- Oil Patch is involved in interstate commerce.[15]

- Watts's duties include pumping sewage from septic tank systems provided at various Employer customer locations involved in the oil and gas industry.[16] Therefore, Watts works in such a way with his truck as to be safety affecting because sewage sludge is a hazardous and federally regulated waste.[17]

## DRIVERS NEED NOT DRIVE OVER STATE LINES IN ORDER TO BE EXEMPT

In *Songer v. Dillon Resources, Inc.*, a unanimous panel of the Fifth Circuit issued two holdings, both favorable to employers attempting to establish the Motor Carrier Act exemption to the Fair Labor Standards Act (FLSA).[18] One of these holdings was that all of the truck drivers were subject to the MCA exemption, even if some of them drove primarily intrastate. The court

---

[14] *See* Declaration of Eric Elzner at ¶ 8, attached as Exhibit A.

[15] *See* Declaration of Eric Elzner at ¶ 10, attached as Exhibit A.

[16] *See* Declaration of Eric Elzner at ¶ 7, attached as Exhibit A.

[17] 40 C.F.R. § 261. Hazardous waste is waste that poses a substantial or potential threat to public health or the environment and generally exhibits one or more of the these characteristics: ignitability, corrosively, reactivity or toxicity. In the United States, the treatment, storage and disposal of hazardous waste is regulated under the Resource Conservation and Recovery Act of 1976 (the "RCRA"). 42 U.S.C. §6901 *et seq.* The 1984 Hazardous and Solid Waste Amendments to the RCRA led to the promulgation of minimum standards for locating, designing, operating, and closing a municipal solid waste landfill. Regulations were also issued under the Clean Air Act to control non-methane organic air emissions from municipal solid waste landfills. 42 U.S.C. §7401 *et seq.*; 40 CFR 50-95. Sewer systems are regulated under the Clean Air Act of 1972. 33 U.S.C. §1251 *et seq.*

[18] 618 F.3d 467 (5th Cir. 2010).

held each truck driver did not have to personally participate in interstate commerce but, rather, only had to have a reasonable expectation that he could be called upon to drive across state lines. In *Songer*, all of the truck drivers could reasonably be expected to engage in interstate commerce because the dispatcher randomly assigned trips, some of which crossed state lines; no truck driver had a dedicated route; and all of the drivers had to meet DOL requirements, such as completing DOT logs and drug tests.

In 2011, the Eleventh Circuit Court of Appeals decided *Abel v. Southern Shuttle Services, Inc.*[19] *Able* is a wage overtime case where the MCA exemption was at issue with regard to employee drivers. In *Able*, the Court stated "purely intrastate…may, under certain circumstances, constitute interstate commerce and thus bring the [employer] within the jurisdiction of the Secretary of Transportation." Next, the *Able* Court found that those circumstances were "present here" and ruled the drivers were exempt from overtime pay under the MCA exemption. Clearly, employers who place employees in commercial vehicles that do not drive over state lines can be entitled to exemption from the FLSA obligation to pay overtime to the drivers.

EXHIBITS

Exhibit A: Declaration of Eric Elzner

Exhibit B: United States Department of Labor November 4, 2010 Field Assistance Bulletin No. 2010-2 (Change in Application of the FLSA § 13(b)(1) "Motor Carrier Exemption")

Exhibit C: United States Department of Labor, Wage and Hour Division, November 2009 Fact Sheet #19 (The Motor Carrier Exemption under the Fair Labor Standards Act)

---

[19] 631 F.3d 1210 (8th Cir. 2011).

## CONCLUSION

In his Motion, Watts does not cite a single reported case addressing or even mentioning the MCA. Perhaps, this is because the Eleventh Circuit Court of Appeals has decided the interstate commerce issue that forms the sole basis of the Motion. Watts's Motion should be denied because (1) his Employer is involved in interstate commerce, (2) company drivers do make interstate trips and Watts could have been and may be called upon to do likewise and (3) Watts works in such a way with his truck as to be safety affecting because sewage sludge is a hazardous and federally regulated waste. In addition, Oil Patch requests its Cross Motion be granted based upon a determination Watts is not entitled to FLSA overtime compensation, pursuant to the MCA exemption, in connection with his employment at Oil Patch.

Defendant Oil Patch & Sewer Services, LLC requests that David Watts's Motion for Summary Judgment be denied and Oil Patch's Cross Motion for Summary Judgment be granted.

Respectfully submitted,

CRAIN, CATON & JAMES PC

By: s/ Juliann H. Panagos
JULIANN H. PANAGOS
State Bar No. 06861100
Federal ID No. 9083
1401 McKinney Street, Suite 1700
Houston, Texas 77010
Telephone: 713-658-2323
Facsimile: 713-658-1921
Email: jpanagos@craincaton.com

MICHAEL D. SEALE
State Bar No. 00784938
Federal ID No. 18556
101 W. Goodwin, Suite 903
Post Office Box 2417
Victoria, Texas 77902-2417
Telephone: 713-752-8663
Facsimile: 713-425-7963
Email: mseale@craincaton.com

ATTORNEYS FOR DEFENDANT OIL PATCH & SEWER SERVICES, LLC

## CERTIFICATE OF SERVICE

I certify that a copy of Defendant Oil Patch & Sewer Services, LLC's response to Plaintiff's Motion for Partial Summary Judgment and Cross Motion for Summary Judgment was filed electronically with the Clerk via the CM/ECF system on the 29th day of August 2013. Notice of this filing will be sent to the following counsel of record in the manner stated:

VIA THE CM/ECF SYSTEM
VIA EMAIL: JOSH@SANDFORDLAWFIRM.COM

Mr. Josh Sanford
Sanford Law Firm, PLLC
One Financial Center
650 South Shackleford Suite 110
Little Rock, Arkansas 72211

By: *s/ Juliann H. Panagos*
Juliann H. Panagos / Michael D. Seale

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID WATTS, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:13-cv-01176 |
| | § | |
| OIL PATCH WATER & SEWER | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

DECLARATION OF ERIC ELZNER

| | |
|---|---|
| THE STATE OF TEXAS | § |
| COUNTY OF HARRISON | § |

1. Pursuant to 28 U.S.C. § 1746 and Section 132.001 of the Texas Civil Practices and Remedies Code, I declare as follows:

2. My full name is Eric Elzner.

3. My date of birth is July 19, 1985.

4. My full address is 202 East 10th Street, Kaufman, Texas 75142.

5. I have personal knowledge of the matters herein stated based on my position as a Division Manager for Oil Patch Water & Sewer Services, LLC. The information contained in this Declaration is true and correct.

6. Oil Patch Water & Sewer Services, LLC ("Oil Patch") is a limited liability company engaged in the business of (1) selling and delivering bottled water for showers, washing, cooking and other mobile housing needs, and (2) pumping sewage from septic tank systems provided at various customer locations involved in the oil and gas industry. Oil Patch Water is a motor carrier providing motor vehicle transportation for compensation. Oil Patch Water is headquartered in Victoria Texas, but does business in other locations including, Arkansas, Louisiana and Oklahoma.

7. David Watts ("Watts") was employed as a driver by Oil Patch from October 1, 1012 through December 17, 2012 and worked out of Oil Patch's Marshall, Texas division. During Watts's employment, I served as the Marshall Division Manager. As a driver, Watts's job duties involved driving a truck to pump and dispose of sewage from septic tank systems provided at various Oil Patch Water customer locations involved in the oil and gas industry. Watts's job duties affect the safety of operation of motor vehicles in transportation on public highways.

# EXHIBIT A

8. The Oil Patch Water truck driven by Watts is a 2000 Freightliner with a gross weight of over 10,000 pounds while in transportation on highways. Oil Patch Water has a number of trucks with a gross vehicle weight in excess of 10,000 pounds while in transportation on public highways.

9. Oil Patch drivers have been called upon to drive their assigned truck over public highways that cross state lines. Any of the Oil Patch drivers, including Watts, were or could reasonably have been expected to make an interstate run and drive their assigned truck over public highways that cross state lines and drive across state lines. Thus, Watts could have been called upon to drive over state lines in the course of his duties while employed at Oil Patch.

10. Oil Patch Water is engaged in interstate commerce through the transportation of vehicles and products because it:

    - Purchases its trucks in Texas and transports the trucks to Arkansas, Louisiana and Oklahoma for use in Oil Patch's business operations; and

    - Purchases water from locations in Texas and transports such water, and sewage, to Arkansas, Louisiana and Oklahoma.

13. Watts's job duties affect the safety of operation of motor vehicles in transportation on public highways.

14. I declare under penalty of perjury that all of the matters stated herein are within my personal knowledge and are true and correct.


EXECUTED in Harrison County, Texas on the 29th day of August 2013.

_____
PRINTED NAME: Eric Elzner

# EXHIBIT A


U.S. Department of Labor
Wage and Hour Division
Washington, D.C. 20210


U.S. Wage and Hour Division

November 4, 2010

FIELD ASSISTANCE BULLETIN No. 2010-2

MEMORANDUM FOR:  REGIONAL ADMINISTRATORS AND DISTRICT DIRECTORS

FROM:  NANCY J. LEPPINK *Janna Berquist for*
Deputy Administrator

SUBJECT:  Change in Application of the FLSA § 13(b)(1) "Motor Carrier Exemption"

This memorandum clarifies the effect of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: a Legacy for Users Technical Corrections Act of 2008 (TCA), P.L. 110-244, on section 13(b)(1) of the Fair Labor Standards Act (FLSA). Effective June 6, 2008, the overtime pay exemption under section 13(b)(1) does not apply to a driver, driver's helper, loader, or mechanic in any workweek in which their work affects the safe, interstate operation of certain motor vehicles weighing 10,000 pounds or less (hereinafter referred to as "small vehicles").

Section 306 of the TCA (attached) amends the change in the section 13(b)(1) exemption made by the Safe Accountable, Flexible, Efficient Transportation Equity Act: a Legacy for Users (SAFETEA-LU), P.L. 109-59 (see Field Assistance Bulletin 2007-2, May 23, 2007). This memorandum describes the TCA modification and its effect on the "four-month" rule.*

TCA section 306(a) extends FLSA section 7 overtime requirements to employees covered by TCA section 306(c), notwithstanding FLSA section 13(b)(1). This means the overtime pay requirements apply to an employee of a motor carrier or motor private carrier in any workweek in which the employee works, "in whole or in part", as a driver, driver's helper, loader or mechanic affecting the safety of operation of small vehicles on public highways in interstate or foreign commerce. This exception, however, does not apply to vehicles that are:

(i)    Designed or used to transport more than 8 passengers (including the driver) for compensation;

---

* The "four-month" rule stems from the Department of Transportation's Federal Motor Carrier Safety Administration's interpretation of the Motor Carrier Act of 1935, conferring that agency jurisdiction over drivers and certain other employees for a four-month period beginning with the date they could have been called upon to, or actually did, engage in the carrier's interstate activities; thus, triggering the overtime pay exemption for that period.


EXHIBIT B

(ii) Designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or

(iii) Used in transporting hazardous material, requiring placarding under regulations prescribed by the Secretary of Transportation.

Prior to TCA's enactment, drivers, driver's helpers, loaders or mechanics who performed safety-affecting duties on commercial motor vehicles under SAFETEA-LU were exempt under § 13(b)(1) for four months from the time they actually engaged in the carrier's interstate activities, or from the time they could have been called upon to engage in the carrier's interstate activities. TCA overrides the application of the "four-month" rule in any workweek an employee is covered by section 306(c).

For example, employees who performed, or could have been called upon to perform, duties affecting the safe operation of a motor vehicle in interstate commerce in any workweek are exempt from FLSA overtime requirements for the next four months, **except** for workweeks in that period in which their duties, in whole or in part, affect the safe operation of a small vehicle in interstate commerce. The phrase "in whole or in part" included in the statute means an employee who performs such duties involving small vehicles for the entire week or part of the week must receive overtime pay for hours worked over 40 in that workweek. The changes made by TCA thus extend FLSA overtime protection to some employees even when such employees are also subject to the authority of the Secretary of Transportation to set maximum hours of service. Please see attached chart for further clarification on how the TCA affects the application of the 13(b)(1) exemption.

For enforcement purposes, we will use the following standards:

- "Weighing 10,000 pounds" – WHD will continue to use the gross vehicle weight rating (GVWR) or gross combined vehicle weight rating in the event that the vehicle is pulling a trailer. The GVWR is found on the vehicle, usually on a plate on the door jamb.

- "Designed or used to transport more than 8" (or more than 15) – WHD will determine this information based on the vehicle's current design and the vehicle capacity as found on the door jamb plate. Where a vehicle's seating capacity has been **reduced**, for example by removing seats to accommodate a wheelchair, we will count the resulting seating capacity plus add 1 for each wheelchair placement. Where a vehicle's capacity has been **increased**, for example by bolting a bench seat into a cargo area, we will not count the added capacity unless the vehicle has been recertified by DOT for that purpose.

Effective June 6, 2008, WHD enforcement staff must apply the new limited scope of the section 13(b)(1) exemption described above. Fact Sheet #19 incorporates the changes in the application of section 13(b)(1) made by TCA.

Attachment: Section 306, P.L. 110-244
TCA Chart

| DRIVER, DRIVER'S HELPER, LOADER OR MECHANIC WHOSE WORK AFFECTS THE SAFE OPERATION OF MOTOR VEHICLES ON PUBLIC HIGHWAYS IN INTERSTATE OR FOREIGN COMMERCE AND PERFORMS SUCH DUTIES ON THE FOLLOWING VEHICLES: | TCA & FLSA § 13(b)(1) EXEMPT OR NONEXEMPT STATUS |
|---|---|
| A. Exclusively on a motor vehicle that weighs (GVWR) 10,001 pounds or more. | Exempt → 4-month rule applies |
| B. Exclusively on a motor vehicle that is (regardless of weight)<br>1. designed or used to transport more than 8 passengers (including the driver) for compensation; or<br>2. designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or<br>3. used in transporting hazardous material, requiring placarding under regulations prescribed by the Secretary of Transportation. | Exempt → 4-month rule applies |
| C. On a motor vehicle that weighs 10,001 pounds or more, as well as on a motor vehicle described in **B** above in the same workweek. | Exempt → 4-month rule applies |
| D. Exclusively on a motor vehicle that weighs 10,000 pounds or less (except motor vehicles described in **B** above). | Nonexempt entirely |
| E. On a motor vehicle that weighs 10,001 pounds or more; however, in some workweeks (whether the entire week or part of the week), also performs safety affecting duties on a motor vehicle that weighs 10,000 pounds or less (referred to as "small vehicle"). | Nonexempt in those workweeks where work is also performed on a vehicle that weighs 10,000 pounds or less (small vehicle); 4-month rule may apply in other workweeks |
| F. On a motor vehicle that is (regardless of weight)<br>1. designed or used to transport more than 8 passengers (including the driver) for compensation; or<br>2. designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or<br>3. used in transporting hazardous material, requiring placarding under regulations prescribed by the Secretary of Transportation.<br>However, in some workweeks (whether the entire week or part of the week), also performs safety affecting duties on a motor vehicle that weighs 10,000 pounds or less ("small vehicle"). | Nonexempt in those workweeks where work is also performed on a vehicle that weighs 10,000 pounds or less (small vehicle); 4-month rule may apply in other workweeks |

For example:

An employer employs a pool of drivers, anyone of whom could be called upon to drive a truck weighing 10,001 pounds or more to transport materials to a construction site in another state. If a driver is called to drive the truck to the construction site, that driver along with the other drivers who could have been called upon to drive are exempt from overtime pay for the following four months, as described in **A** above.

However, if a driver in any workweek during the four months performs safety affecting duties on a vehicle that weighs 10,000 pounds or less ("small vehicle"), that driver alone is nonexempt for that workweek and must receive overtime pay for hours worked over 40, as described in **E** above.

SEC. 306. APPLICABILITY OF FAIR LABOR STANDARDS ACT REQUIREMENTS AND LIMITATION ON LIABILITY.

(a) APPLICABILITY FOLLOWING THIS ACT.--Beginning on the date of enactment of this Act, section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) shall apply to a covered employee notwithstanding section 13(b)(1) of that Act (29 U.S.C. 213(b)(1)).

(b) LIABILITY LIMITATION FOLLOWING SAFETEA-LU.--

(1) LIMITATION ON LIABILITY.--An employer shall not be liable for a violation of section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) with respect to a covered employee if--

(A) the violation occurred in the 1-year period beginning on August 10, 2005; and

(B) as of the date of the violation, the employer did not have actual knowledge that the employer was subject to the requirements of such section with respect to the covered employee.

(2) ACTIONS TO RECOVER AMOUNTS PREVIOUSLY PAID.--Nothing in paragraph (1) shall be construed to establish a cause of action for an employer to recover amounts paid before the date of enactment of this Act in settlement of, in compromise of, or pursuant to a judgment rendered regarding a claim or potential claim based on an alleged or proven violation of section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) occurring in the 1-year period referred to in paragraph (1)(A) with respect to a covered employee.

(c) COVERED EMPLOYEE DEFINED.--In this section, the term "covered employee" means an individual--

(1) who is employed by a motor carrier or motor private carrier (as such terms are defined by section 13102 of title 49, United States Code, as amended by section 305);

(2) whose work, in whole or in part, is defined--

(A) as that of a driver, driver's helper, loader, or mechanic; and

(B) as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, except vehicles--

(i) designed or used to transport more than 8 passengers (including the driver) for compensation;

(ii) designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or

(iii) used in transporting material found by the Secretary of Transportation to be hazardous under section 5103 of title 49, United States Code, and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103 of title 49, United States Code; and

(3) who performs duties on motor vehicles weighing 10,000 pounds or less.

# United States Department of Labor
Wage and Hour Division
Wage and Hour Division (WHD)

**(Revised November 2009)** (PDF)

**Fact Sheet #19: The Motor Carrier Exemption under the Fair Labor Standards Act (FLSA)**

Section 13(b)(1) of the FLSA provides an overtime exemption for employees who are within the authority of the Secretary of Transportation to establish qualifications and maximum hours of service pursuant to Section 204 of the Motor Carrier Act of 1935, except those employees covered by the small vehicle exception described below.

Thus, the 13(b)(1) overtime exemption applies to employees who are:

1. Employed by a motor carrier or motor private carrier, as defined in 49 U.S.C. Section 13102 (see **Employer** below);

2. Drivers, driver's helpers, loaders, or mechanics whose duties affect the safety of operation of motor vehicles in transportation on public highways in interstate or foreign commerce (see **Employee Duties** below); and

3. <u>Not</u> covered by the small vehicle exception (see **Small Vehicle Exception** below).

### 1. Employer

- Motor Carriers are persons providing motor vehicle transportation for compensation;

- Motor Private Carriers are persons other than motor carriers transporting property by motor vehicle if the person is the owner, lessee, or bailee of the property being transported, and the property is being transported for sale, lease, rent, or bailment, or to further a commercial enterprise.

### 2. Employee Duties

- The employee's duties must include the performance, either regularly or from time to time, of safety-affecting activities on a motor vehicle used in transportation on public highways in interstate or foreign commerce. Employees must perform such duties as a driver, driver's helper, loader, or mechanic. Employees performing such duties meet the duties requirement of the exemption regardless of the proportion of "safety affecting activities" performed, except where the continuing duties have no substantial direct effect on "safety of operation," or where such safety affecting activities are so trivial, casual, and insignificant as to be de minimis (so long as there is no change in the duties).

- Transportation involved in the employee's duties must be in interstate commerce (across State or international lines) or connect with an intrastate terminal (rail, air, water, or land) to continue an interstate journey of goods that have not come to rest at a final destination.

- Safety affecting employees who have not made an actual interstate trip may still meet the duties requirement of the exemption if:

    a) The employer is shown to have an involvement in interstate commerce; and

    b) The employee could, in the regular course of employment, reasonably have been expected to make an interstate journey or could have worked on the motor vehicle in such a way as to be safety-affecting.

- The Secretary of Transportation will assert jurisdiction over employees for a four-month period beginning with the date they could have been called upon to, or actually did, engage in the carrier's interstate activities. Thus, such employees would satisfy the duties requirement of the Section 13(b)(1) exemption for the same four-month period, notwithstanding references to the contrary in 29 C.F.R. § 782.2.

### 3. Small Vehicle Exception

Notwithstanding the Section 13(b)(1) exemption, the overtime provisions of Section 7 of the FLSA shall apply to an employee of a motor carrier or motor private carrier in any work week that:

1. The employee's work, in whole or in part, is that of a driver, driver's helper, loader or mechanic affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, except vehicles:

    (a) Designed or used to transport more than 8 passengers, including the driver, for compensation; or

    (b) Designed or used to transport more than 15 passengers, including the driver, and not used to transport passengers for compensation; or

    (c) Used in transporting hazardous material, requiring placarding under regulations prescribed by the Secretary of Transportation;

    and

2. The employee performs duties on motor vehicles weighing 10,000 pounds or less.

The Section 13(b)(1) exemption does not apply to an employee in such work weeks even though the employee's duties may also affect the safety of operation of motor vehicles weighing greater than 10,000 pounds, or other vehicles listed in subsections (a), (b) and (c) above, in the same work week.

### Typical Problems

The Section 13(b)(1) overtime exemption does not apply to employees not engaged in "safety affecting activities", such as dispatchers, office personnel, those who unload vehicles, or those who load but are not responsible for the proper loading of the vehicle. Only drivers, drivers' helpers, loaders who are responsible for proper loading, and mechanics working directly on motor vehicles that are to be used in transportation of passengers or property in interstate commerce can be exempt from the overtime provisions of the FLSA under Section 13(b)(1).

**EXHIBIT C**

The Section 13(b)(1) overtime exemption does not apply to employees of non-carriers such as commercial garages, firms engaged in the business of maintaining and repairing motor vehicles owned and operated by carriers, or firms engaged in the leasing and renting of motor vehicles to carriers.

**Where to Obtain Additional Information**

For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.